UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| GIBRALTAR KENTUCKY DEVELOPMENT, LLC | ) ) ) |
| Plaintiff, | ) Civil Action No. 07-229-ART ) ) ) |
| v. | ) **MEMORANDUM OPINION** ) **AND ORDER** ) |
| BURL "SKIP" CANTRELL, JR., et al., | ) ) |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiff, Gibraltar Kentucky Development, LLC, filed its complaint in this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [R. 1 ¶ 6]. Plaintiff alleges that it is a limited liability company incorporated under the laws of the state of Nevada and that its principal place of business is located in the state of Florida. *Id.* at ¶ 6. The parties do not dispute the Court's subject matter jurisdiction.

During a status conference, however, the Court inquired as to whether diversity jurisdiction actually existed. *See Klepsky v. United Parcel Serv.*, 489 F.3d 264, 268 (6th Cir. 2007) (stating that courts may raise subject matter jurisdiction at any juncture because "'a federal court lacks authority to hear a case without subject matter jurisdiction'") (quoting *Thornton v. Southwest Detroit Hosp.*, 859 F.2d 1131, 1133 (6th Cir. 1990)); *see also Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900) (stating that failure of parties to object does not relieve court of obligation to determine whether jurisdiction exists). At that conference, the parties indicated that the Defendant, Burl Cantrell, Jr., owned a membership interest in the Plaintiff, Gibraltar Kentucky Development, LLC,

and subsequently filed his certificate of ownership. [R. 29].

## Discussion

In this context, diversity jurisdiction requires that the lawsuit be between citizens of different states and that the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). Complete diversity only exists where "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). It is common in cases like this for one to assume that limited liability companies are no different than corporations, and thus, the pleadings often allege only the place of incorporation and principal place of business.

This is incorrect. It is well established that a limited liability company has the citizenship of each of its members. *Homfeld II, LLC v. Comair Holdings, Inc.*, 2002 WL 31780184, 53 Fed. Appx. 731, 732 (6th Cir. 2002) (unpublished) ("[A] limited liability company is not treated as a corporation and has the citizenship of its members . . . ."); *see also OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."); *Wise v. Wachovia Sec., LLC,* 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members."); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that an LLC is a "citizen of every state of which its owners/members are citizens"); *PRAMCO, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir. 2006) (holding that an LLC has the citizenship of its members and noting that "every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the

2

citizenship of all of its members"); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise.  It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members."); *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("The federal appellate courts that have answered this question have all answered it in the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding."); *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that "defendants Bedford Partnership and Bedford LLC are, for diversity purposes, citizens of Florida because both entities have Florida members").  Since Defendant Burl Cantrell, Jr., owns a portion of Gibraltar Kentucky Development, LLC, complete diversity is lacking and this matter must be dismissed for lack of subject matter jurisdiction.

While it may seem illogical at first blush to treat a limited liability company differently from a corporation, it is the job of Congress, not the courts, to fix any inconsistencies this may cause.  As the Supreme Court has previously stated when dealing with limited partnerships:

> [T]he course we take today does not so much disregard the policy of accommodating our diversity jurisdiction to the changing realities of commercial organization, as it honors the more important policy of leaving that to the people's elected representatives. Such accommodation is not only performed more legitimately by Congress than by courts, but it is performed more intelligently by legislation than by interpretation of the statutory word "citizen."

*Carden v. Arkoma Assoc.*, 494 U.S. 185, 197 (1990).  In that same decision, the Court noted that in 1958, Congress revised the rules to provide that a corporation "shall be deemed a citizen not only

3

of its State of incorporation but also 'of the State where it has its principal place of business.'" *Id.* at 196 (quoting 28 U.S.C. § 1332(c)). At the time Congress made this revision it was aware of the numerous artificial entities that existed, including joint stock companies, limited partnerships, and the like, but chose not to redefine how those entities are categorized. *Id.* In the end, the 50 States will continue to create a wide assortment of artificial entities with different powers and characteristics, and "[w]hich of them is entitled to be considered a 'citizen' for diversity purposes, and which of their members' citizenship is to be consulted are questions more readily resolved by legislative prescription than by legal reasoning . . . ." *Id.* at 197.

Accordingly, it is hereby **ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE** and shall be **STRICKEN** from the Court's docket.

This the 17th day of April, 2008.

Signed By:
*Amul R. Thapar* AT
United States District Judge